## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

EYETALK365, LLC,

              Plaintiff,

    v.

AUGUST HOME, INC.,

              Defendant.

Civil Action No.

**JURY TRIAL DEMANDED**

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eyetalk365, LLC ("Eyetalk" or "Plaintiff"), for its Complaint against

Defendant August Home, Inc. ("Defendant"), hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. §§ 1, *et seq*.

### THE PARTIES

2.      Plaintiff Eyetalk365, LLC is a limited liability company organized under the laws

of the State of North Carolina with its principal place of business at 9923 Willow Leaf Lane,

Cornelius, North Carolina 28031.

3.      Upon information and belief, Defendant August Home, Inc. is a corporation

organized under the laws of Delaware with a place of business in San Francisco, California. It

can be served through its resident agent for service of process in Delaware: Corporation Service

Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

4.      Eyetalk is in the business of providing wireless security solutions and owns a

number of patents related to entryway management. Eyetalk's patent portfolio is seminal

1

intellectual property in the field of entryway management including inventions related to video

doorbell technology. Some of the largest companies in the entryway management industry have

taken licenses to Eyetalk's patent portfolio without litigation. Eyetalk's notable licensees include

The Chamberlain Group, Inc., HeathCo, LLC, and Bot Home Automation, Inc.—makers of the

"Ring" video doorbell. These companies and Eyetalk worked together to license Eyetalk's

portfolio without the need for wasteful litigation. Thus, there is no doubt that Eyetalk's patent

portfolio includes pioneering inventions related to the entryway management industry.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35 of the United States Code.

6.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     Defendant is subject to this Court's specific and general personal jurisdiction

pursuant to due process and/or the Delaware Long-Arm Statute, due to its substantial business in

this forum, including acts constituting direct infringement as alleged herein occurring within this

forum.  Further, this Court has personal jurisdiction over the Defendant because August Home,

Inc. is incorporated in Delaware and has purposely availed itself of the privileges and benefits of

the laws of the State of Delaware.

8.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,432,638

9.     The allegations set forth in the foregoing paragraphs 1 through 8 are hereby

realleged and incorporated herein by reference.

10.     On August 30, 2016, United States Patent No. 9,432,638 (the "'638 Patent"),

entitled "Communication and Monitoring System," was duly and legally issued by the United

States Patent and Trademark Office. A true and correct copy of the '638 Patent is attached as

Exhibit 1 to this Complaint.

11.    Eyetalk is the assignee and owner of the right, title and interest in and to the '638 Patent, including the right to assert all causes of action arising under the '638 Patent and the right to any remedies for infringement.

12.    In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '638 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1 and 6 of the '638 Patent without the authority of Eyetalk. Upon information and belief, Defendant's infringing products include at least the August Doorbell Cam (the "Doorbell Cam").

13.    For example, upon information and belief, Defendant's Doorbell Cam is able to detect the presence of a person at the entrance:





Get alerts every time the bell is rung and see and speak with visitors using your smartphone from wherever you are.

Fig. 1 (http://august.com/products/august-doorbell/)



August Doorbell Cam detects motion from visitors, identifying people at your door, even if they don't ring the bell, and sends you an instant alert to your smartphone (coming soon – included in August Home app update).

Fig. 2 (http://august.com/products/august-doorbell/)

14.     Upon information and belief, Defendant's Doorbell Cam is able to transmit, to a computerized controller running a software application, video of the person at the entrance recorded using a camera located proximate the entrance. *See* Fig. 1, Fig. 4 (below).

15.     Upon information and belief, Defendant's Doorbell Cam is able to provide, with the software application running at the computerized controller, a graphical user interface to a

remote peripheral device by which a user of the remote peripheral device, which comprises a cell phone, may view the video of the person at the entrance. *See* Fig. 1, Fig. 3 below.



Fig. 3 (http://august.com/products/august-doorbell/)

16.     Upon information and belief, Defendant's Doorbell Cam has a wireless video camera, a microphone, a speaker, an RF receiver, an RF transmitter, a proximity sensor and uses a keypad with one or more buttons that are able to determine that a person is present at the entrance and able to transmit digital streaming video.



Fig. 4 (http://august.com/products/august-doorbell/)

17.     Upon information and belief, Defendant's Doorbell Cam is able to send an alert to the cell phone that the person is present at the entrance after the keypad is pressed by the person at the entrance. *See* Figs. 1-2 above.

18.     Upon information and belief, Defendant's Doorbell Cam is able to let someone speak with a person at the entrance through the graphical user interface on the cell phone after the keypad is pressed by the person at the entrance. *See* Figs. 1-4 above.

19.     Upon information and belief, Defendant's Doorbell Cam is able to let someone listen to the person at the entrance via the cell phone through use of the graphical user interface after the keypad is pressed by the person at the entrance. *See* Figs. 1-4 above.

20.     In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '638 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the '638 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1 and 6 of the '638 Patent without the authority of Eyetalk. *See, e.g.*, Doorbell Cam Installation (available at

http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&).

21.     Defendant has had knowledge of the '638 Patent since at least November 17, 2016.

22.     Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,414,030

23.     The allegations set forth in the foregoing paragraphs 1 through 22 are hereby realleged and incorporated herein by reference.

24.     On August 9, 2016, United States Patent No. 9,414,030 (the "'030 Patent"), entitled "Communication and Monitoring System," was duly and legally issued by the United

States Patent and Trademark Office. A true and correct copy of the '030 Patent is attached as Exhibit 2 to this Complaint.

25.     Eyetalk is the assignee and owner of the right, title and interest in and to the '030 Patent, including the right to assert all causes of action arising under the '030 Patent and the right to any remedies for infringement.

26.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '030 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 6 and 13 of the '030 Patent without the authority of Eyetalk. Upon information and belief, Defendant's infringing products include at least the August Doorbell Cam ("Doorbell Cam"), Smart Lock ("Smart Lock"), and Connect ("Connect") (collectively, Defendant's "System").

27.     For example, upon information and belief, Defendant's System is comprised of a detecting and viewing system associated with a door. *See, e.g.*, Figs. 1-4 above.

28.     Upon information and belief, Defendant's Doorbell Cam has a wireless video camera, a microphone, a speaker, an RF receiver, an RF transmitter, a proximity sensor and uses a keypad with one or more buttons that are able to determine that a person is present at the entrance and able to transmit digital streaming video. *See, e.g.*, Fig. 4 above.

29.     Upon information and belief, Defendant provides a software application running on at least one peripheral device that is associated with a user. *See, e.g.*, Fig. 3 above and Fig. 5 below.



Fig. 5 (http://support.august.com/customer/en/portal/articles/2340438-doorbell-cam---improving-your-wi-fi-signal?b_id=10920)

30.     Upon information and belief, Defendant's System utilizes a computer configured for wireless communication with the exterior device to receive digital video data, wherein the computer is configured for communication with at least one peripheral device to transmit the digital video data to at least one peripheral device. This computer could include any number of the following non-limiting examples: the Connect, a router, a hub, a server, a database, or other network components. Upon information and belief, discovery will show that Defendant's System provides such a computer.



Fig. 6 (http://august.com/products/august-doorbell/)



Fig. 7 (http://august.com/products/august-connect/)



Fig. 8 (http://august.com)

31. Upon information and belief, Defendant's System includes a software application running on a cellular phone which is configured to display video transmitted wirelessly by the exterior device, receive audio data from the person transmitted wirelessly from the exterior

device, receive and display an alert to the user, the alert configured to be transmitted wirelessly from the exterior device after pressing one of the one or more buttons.





Get alerts every time the bell is rung and see and speak with visitors using your smartphone from wherever you are.

Fig. 9 (http://august.com/products/august-doorbell/)

32.     Upon information and belief, the peripheral device allows the user to speak with the person at the door using the software application running on the cellular phone.



Get alerts every time the bell is rung and see and speak with visitors using your smartphone from wherever you are.

Fig. 10 (http://august.com/products/august-doorbell/)

33.     Upon information and belief, Defendant's Smart Lock is an electronic lock and is associated with the door and configured to be opened after receiving instructions from the software application running on at least one peripheral device.



Fig. 11 (http://august.com/products/august-smart-lock/ and
https://itunes.apple.com/us/app/august-home/id648730592?mt=8)



Fig. 12 (http://august.com/products/august-connect/)

34.    In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '030 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the '030 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 6 and 13 of the '030 Patent without the authority of Eyetalk. *See, e.g.*, Doorbell Cam Installation (available at

http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&) and August Smart Lock Installation Guide (available at http://august.com/wp-content/uploads/2015/10/August-Smart-Lock-Install-Guide.pdf).

35.     Defendant has had knowledge of the '030 Patent since at least November 17, 2016.

36.     Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,485,478

37. The allegations set forth in the foregoing paragraphs 1 through 36 are hereby realleged and incorporated herein by reference.

38.     On November 1, 2016, United States Patent No. 9,485,478 (the "'478 Patent"), entitled "Communication and Monitoring System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '478 Patent is attached as Exhibit 3 to this Complaint.

39.     Eyetalk is the assignee and owner of the right, title and interest in and to the '478 Patent, including the right to assert all causes of action arising under the '478 Patent and the right to any remedies for infringement.

40.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '478 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1, 9, and 21 of the '478 Patent without the authority of Eyetalk. Upon information and belief, Defendant's infringing products include at least the August Doorbell Cam (the "Doorbell Cam").

41.     For example, upon information and belief, Defendant's Doorbell Cam is able to detect the presence of a person at an entrance. *See*, e.g., Figs. 1-2 above.

42.     Upon information and belief, Defendant's Doorbell Cam is able to transmit, to a computerized controller running a software application, real-time streaming video of the person at the entrance recorded using a camera located proximate the entrance. *See, e.g.*, Fig. 1 and Fig. 4 above.

43.     Upon information and belief, Defendant's Doorbell Cam is able to provide, with the software application running at the computerized controller, a graphical user interface to a remote peripheral device by which a user of the remote peripheral device, which comprises a cell phone that is configured to display the video transmitted wirelessly by the camera, may view the video of the person at the entrance. *See, e.g.*, Fig. 1 and Fig. 3 above.

44.     Upon information and belief, Defendant's Doorbell Cam is a wireless device comprising a proximity sensor, a microphone, a speaker, a video camera, a keypad having one or more buttons, and a playing component that records audio and video communications from the person at the entrance. *See, e.g.*, Fig. 4.

45.     Upon information and belief, Defendant provides a software application running on at least one peripheral device that is associated with a user. *See, e.g.*, Fig. 3 and Fig. 5 above.

46.     Upon information and belief, Defendant's Doorbell Cam is able to transmit, through the internet, real-time streaming digital video wirelessly. *See, e.g.*, Fig. 3 and Fig. 5 above.

47.     In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '478 Patent by providing instructions via its website, or through other documents

that induce its customers to directly infringe the '478 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1, 9 and 21 of the '478 Patent without the authority of Eyetalk. *See, e.g.*, Doorbell Cam Installation (available at

http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&).

48.     Defendant has had knowledge of the '478 Patent since at least February 22, 2017.

49.     Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,516,284

50. The allegations set forth in the foregoing paragraphs 1 through 49 are hereby realleged and incorporated herein by reference.

51.     On December 6, 2016, United States Patent No. 9,516,284 (the "'284 Patent"), entitled "Communication and Monitoring System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '284 Patent is attached as Exhibit 4 to this Complaint.

52.     Eyetalk is the assignee and owner of the right, title and interest in and to the '284 Patent, including the right to assert all causes of action arising under the '284 Patent and the right to any remedies for infringement.

53.     In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '284 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1, 6, and 13 of the '284 Patent without the

authority of Eyetalk. Upon information and belief, Defendant's infringing products include at least the August Doorbell Cam (the "Doorbell Cam").

54.     For example, upon information and belief, Defendant's Doorbell Cam is able to receive a person at an entrance. *See, e.g.*, Figs. 1-2 above.

55.     Upon information and belief, Defendant's Doorbell Cam is able to transmit streaming video data wirelessly using an exterior device associated with a door comprising a camera, a microphone, a proximity sensor, and a keypad having one or more buttons, after one of the one or more buttons on the keypad is pressed at the entrance. *See, e.g.*, Figs. 1-4 above.

56.     Upon information and belief, Defendant's Doorbell Cam also has an electrical connection and a battery.



Fig. 13 (http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&)



Fig. 14 (http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&)

57.     Upon information and belief, Defendant's Doorbell Cam is able to detect the presence of a person through the proximity detector and provide real-time streaming digital video and audio data from the exterior device to the peripheral device via the software application after the person is detected. *See, e.g.*, Fig. 3 and Fig. 5.

58.     Upon information and belief, Defendant's Doorbell Cam is able to transmit an alert to the peripheral device after one or more buttons on the keypad of the exterior device are pressed which can be displayed on the software application running on a peripheral device that can be associated with a user. *See, e.g.*, Fig. 1.

59.     Upon information and belief, the peripheral device, which can be a cellphone, is able to receive and display the streaming video data and audio wirelessly using a software application. *See, e.g.*, Fig. 3 and Fig. 5.

60.     Upon information and belief, Defendant's Doorbell Cam is able to let someone speak with a person at the entrance through the software application running on the peripheral device. *See* Figs. 1-4 above.

61.     Upon information and belief, Defendant's Doorbell Cam is able to let someone listen to the person at the entrance via the cell phone through use of the graphical user interface after the keypad is pressed by the person at the entrance. *See* Figs. 1-4 above.

62.     In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '284 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the '284 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1, 6, and 13 of the '284 Patent without the authority of Eyetalk. *See, e.g.*, Doorbell Cam Installation (available at

http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&).

63.     Defendant has had knowledge of the '284 Patent since at least February 22, 2017.

64.     Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 9,554,090

65. The allegations set forth in the foregoing paragraphs 1 through 64 are hereby realleged and incorporated herein by reference.

66. On January 24, 2017, United States Patent No. 9,554,090 (the "'090 Patent"), entitled "Communication and Monitoring System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '090 Patent is attached as Exhibit 5 to this Complaint.

67. Eyetalk is the assignee and owner of the right, title and interest in and to the '090 Patent, including the right to assert all causes of action arising under the '090 Patent and the right to any remedies for infringement.

68. In violation of 35 U.S.C. § 271(a), Defendant has directly infringed and continues to directly infringe, both literally and/or under the doctrine of equivalents, the '090 Patent by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1, 9, and 26 of the '090 Patent without the authority of Eyetalk. Upon information and belief, Defendant's infringing products include at least the August Doorbell Cam ("Doorbell Cam"), Smart Lock ("Smart Lock"), and Connect ("Connect") (collectively, Defendant's "System").

69. For example, upon information and belief, Defendant's Doorbell Cam is able to receive a person at an entrance. *See, e.g.*, Figs. 1-2 above.

70. Upon information and belief, Defendant's Doorbell Cam is able to transmit streaming video data wirelessly using an exterior device associated with a door comprising a camera, a microphone, a proximity sensor, and a keypad having one or more buttons, after one of the one or more buttons on the keypad is pressed at the entrance or after a person is detected via the proximity detector. *See, e.g.*, Figs. 1-4 above.

71.     Upon information and belief, Defendant's Doorbell Cam is also able to detect the presence of a person through a proximity detector. *See, e.g.*, Fig. 4 above.

72.     Upon information and belief, Defendant provides a software application that can run on a cell phone and receive streaming video data wirelessly. *See, e.g.*, Fig. 3 above.

73.     Upon information and belief, Defendant provides a software application that can display video transmitted by Defendant's Doorbell Cam. *See, e.g.*, Fig. 3 above.

74.     Upon information and belief, Defendant provides a software application that can receive audio data from a person at the entrance by transmitted by Defendant's Doorbell Cam. *See, e.g.*, Fig. 1 above.

75.     Upon information and belief, Defendant provides a software application that can provide a prompt and alert to a user after one or more buttons on Defendant's Doorbell Cam are pressed or after a person is detected via the proximity detector. *See, e.g.*, Figs. 1-4 above.

76.     Upon information and belief, Defendant provides a software application that enables speaking with a person at the entrance via the software application and Defendant's Doorbell Cam. *See, e.g.*, Fig. 1.

77.     Upon information and belief, Defendant provides a software application that enables authorizing entrance to a business or residence via Defendant's Smart Lock. *See, e.g.*, Figs. 6, 11.

78.     Upon information and belief, Defendant's Smart Lock is electronically actuated upon receiving authorization from the software application running on the user's cell phone. *See, e.g.*, Figs. 6, 11.

79.     Upon information and belief, Defendant's system provides a defined hierarchy of storage of audio and video data associated with Defendant's Doorbell Cam and Smart Lock. *E.g.*:



Fig. 15 (http://august.com/products/august-doorbell)

80.     Upon information and belief, Defendant's system enables storing audio and video data per the defined hierarchy. *See, e.g.*, Fig. 15.

81.     Upon information and belief, Defendant's System utilizes a computer configured for wireless communication with the exterior device to receive digital video data, wherein the computer is configured for communication with at least one peripheral device to transmit the digital video data to at least one peripheral device. This computer could include any number of the following non-limiting examples: the Connect, a router, a hub, a server, a database, or other

network components. Upon information and belief, discovery will show that Defendant's System provides such a computer. *See, e.g.*, Figs. 6-8.

82.   In violation of 35 U.S.C. § 271(b), Defendant has induced its customers and continues to induce its customers to infringe, both literally and/or under the doctrine of equivalents, the '090 Patent by providing instructions via its website, or through other documents that induce its customers to directly infringe the '090 Patent and by making, using, offering for sale, selling, and/or importing devices in the United States, including within this judicial district, that infringe at least claims 1, 9, and 26 of the '090 Patent without the authority of Eyetalk. *See, e.g.*, Doorbell Cam Installation (available at

http://support.august.com/customer/en/portal/articles/2269857-doorbell-cam-installation---installing-with-the-spacer?b_id=10920&).

83.   Defendant has had knowledge of the '090 Patent since April 8, 2017.

84.   Because of Defendant's infringing activities, Eyetalk has suffered damages and will continue to suffer damages in the future.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Eyetalk demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Eyetalk respectfully requests that this Court enter judgment for Eyetalk and against Defendant as follows:

A.   An adjudication that Defendant has infringed the '638, '030, '478, '284, and '090 Patents;

B.      An award of damages to be paid by Defendant adequate to compensate Eyetalk for Defendant's past infringement of the '638, '030, '478, '284, and '090 Patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.      An order requiring Defendant to pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

E.      An award to Eyetalk of such further relief at law or in equity as the Court deems just and proper.

Dated:  June 16, 2017

DEVLIN LAW FIRM LLC

By: */s/ Timothy Devlin*
Timothy Devlin (#4241)
tdevlin@devlinlawfirm.com
1306 N. Broom St., 1st Floor
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251


KLEMCHUK LLP
Gary R. Sorden (*pro hac vice* to be filed)
gary.sorden@klemchuk.com
Tim Craddock (*pro hac vice* to be filed)
tim.craddock@klemchuk.com
8150 N. Central Expressway, 10th Floor
Dallas, TX  75206
Telephone:  (214) 367-6000
Facsimile:  (214) 367-6001

*Attorneys for Plaintiff Eyetalk365, LLC*